# UNITED STATES DISTRICT COURT
## for the
### Eastern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Samuel Brncik ) | Case No.  6:25-mj-00012-HBK |
| ) | |
| Defendant(s) | |

**FILED**
Apr 14, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  April 12, 2025  in the county of  Mariposa  in the
Eastern District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 36 CFR § 2.34 (a) (2) | Prohibited: Uses language, an utterance, or gesture, or engages in a display or act that is obscene, physically threatening or menacing, or done in a manner that is likely to inflict injury or incite an immediate breach of the peac |
| 36 CFR 2.35 (c) | Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Michael Terry US Park Ranger
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  04/14/2025

_____
*Judge's signature*

City and state:  Fresno, California   Hon. Erica P. Grosjean, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
## BACKGROUND OF AFFIANT

1. I, Michael E Terry, further state, I am a Law Enforcement Officer ("Officer"), employed by the National Park Service ("NPS"). I have been employed at Yosemite National Park since May of 2023. I have completed a Seasonal Law Enforcement Academy at Northern Arizona University and have also completed Land Management Police Training at the Federal Law Enforcement Training Center. In the course of my duties, I detect, establish probable cause, and enforce violations associated with disorderly conduct and being under the influence of controlled substances to a degree that endangers oneself or others.

2. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other Officers. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

## JURISDICTION

3. The facts set forth in this criminal complaint occurred on April 12th, 2025, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an area of federally owned public land administered by the NPS. Yosemite National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

4. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

5. Based upon the facts set forth in this criminal complaint, probable cause exists that Samuel Brncik (BRNCIK), violated the following laws of the United States on April 12th, 2025, within Yosemite National Park:

    a. *36 CFR § 2.34 (a) (2) Prohibited: Uses language, an utterance, or gesture, or engages in a display or act that is obscene, physically threatening or menacing, or done in a manner that is likely to inflict injury or incite an immediate breach of the peace.*

    b. *36 CFR 2.35 (c): Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited.*

## PROBABLE CAUSE

6. On April 12th, 2025, at approximately 1750 hours, I received a report from Yosemite Emergency Communications Center (YECC) of a male subject, later identified by an Arizona driver's license as BRNCIK, intoxicated and yelling at people at the Mirror Lake area in Yosemite National Park. Officer A. White arrived on scene at approximately 1805 hours and received an additional report that BRNCIK was yelling racial slurs and is wanting to fight people. Officer White contacted BRNCIK and identified himself as "police." Officer White

directed BRNCIK to sit down and instead he took a drink from a beer can in his hand and did not comply with a command. BRNCIK then took steps towards Officer White.

7. Officer Healy and I arrived on scene at approximately 1809 hours. I observed BRNCIK holding an what appeared to be an approximately 16oz beer can in his hand. Officer White gave BRNCIK an additional command to sit down and BRNCIK stated "no I won't." I asked the approximately five year old child of BRNCIK to step forward, away from BRNCIK and BRNCIK stated "no he won't, don't talk to my son, you're a Pogue dude." Officer Healy, Officer White and I forced BRNCIK to the ground and secured him in handcuffs. Once BRNCIK was secured in handcuffs he stated "You're all gonna die. You're all gonna die. You're all gonna die." A frisk on BRNCIK was conducted and he was secured in the rear of my patrol vehicle. While securing BRNCIK in the patrol vehicle, I could smell the odor of alcoholic beverages on his person.

8. BRNCIK was transported to the Yosemite Valley Ranger Office and a search incident to arrest was conducted. During the approximate twelve minute transport from the scene to the Ranger Office, BRNCIK stated the following to me: "One thing you don't know, I'm gonna find your family motherfucker" "I'm gonna find your fucking wife" "I'm gonna find your fucking kids" "you're dead bro" "when I get out, we're gonna find you" "the marines are gonna get you bro" "you're gonna die, your whole family gonna die" "your little girlfriends gonna die." BRNCIK was transported from the Yosemite Valley Ranger Officer to the Mariposa County jail by Officer White and Officer Healy.

9. Officer Watson conducted follow-up interviews with two of the reporting parties. One of the reporting parties, M.N, provided the following information: While hiking on the Mirror Lake

trail in Yosemite around 1700 hours, M.N observed a male subject wearing a cowboy hat, with a 5–6-year-old kid, and he was yelling "obscene things" at an Indian family, like they "shit and pee on the floor and don't know where to go to the bathroom" or words to that effect. M.N stated that BRNCIK "seemed to be drunk, he's stumbling a little bit." M.N did not engage in conversation with BRNCIK and continued hiking. When M.N returned to the area after hiking, BRNCIK was heard shouting by M.N and he observed BRNCIK and a group of individuals shouting back and forth. BRNCIK was shouting "new obscenities about Asian people." BRNCIK and another individual were shouting back and forth at each other. BRNCIK shouted at M.N to "mind your own business" or words to that effect. M.N called law enforcement because "it just seemed liked if he's getting in people's faces, if he's shouting at people, if he's being so disrespectful, and appears to be drunk, it seems like it might be room for the park rangers service to come by and make sure everyone is safe." When asked by Officer Watson regarding BRNCIK's impairment, M.N stated he was "stumbling, can in hand, shouting obscenities, maybe slurring a little bit, classic drunk behavior."

10. Officer Watson interviewed P.S, another one of the reporting parties. P.S provided the following information: While walking towards the restroom, P.S could tell this man with a very large hat was talking at an Indian family. BRNCIK stated to P.S "very racist things about how the Indians didn't know how to go to the bathroom." BRNCIK was in a verbal argument with an Asian family and at one point "started being extremely racist, saying gook and jap. Whatever derogatory term that he could use in that context, he used." The child next

to BRNCIK was holding his ears and was clearly upset. BRNCIK was holding a tall can throughout the incident.

## CONCLUSION

Based on the forgoing facts of this affidavit, probable cause exists for the arrest of Samuel Brncik for disorderly conduct, engaging in a display or act that is obscene, physically threatening or menacing, or done in a manner that is likely to inflict injury or incite an immediate breach of the peace and probable cause exists for the arrest of Samuel Brncik for being present in a park area while under the influence of alcohol to a degree that endangers others

Respectfully submitted,

_____
MICHAEL E. TERRY
United States Park Ranger
National Park Service
April 14, 2025


_____
ERICA P. GROSJEAN
United States Magistrate Judge
April 14, 2025

Approved as to form by:

*/s/ Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney
April 14, 2025